CUNNINGHAM *v.* MASSENA SPRINGS & F. C. R. Co.

*(Supreme Court, General Term, Third Department.* November 20, 1888.)

PLEADING—BILL OF PARTICULARS—WHEN REQUIRED OF DEFENDANT.
   Under Code Civil Proc. N. Y. § 531, providing that the court may, in any case, direct a bill of particulars of the claim of either party to be delivered to the adverse party, it is proper, in an action by a contractor for work of various classes done on a railroad, where the defendant alleges that the work was done in a careless and unworkmanlike manner, to require of defendant a bill of particulars, stating each particular class of work alleged to have been improperly done, and its location.

Appeal from special term, St. Lawrence county.

Action by Marcus G. Cunningham against the Massena Springs & Fort Covington Railroad Company for work done in constructing a portion of defendant's road. The defendant appeals from an order granted on motion of plaintiff requiring it to furnish a bill of particulars. The opinion of Justice TAPPAN, granting the order complained of, so far as is material, is as follows:

"Plaintiff's complaint is for work and labor performed for defendant as a contractor—

| | | | | | | |
|---|---|---|---|---|---|---:|
| For clearing and grubbing 6 6-10 acres, at $60, | - | | - | $ | 396 | 00 |
| 626,506 yards earth-work, at 20 c, | - | - | - | | 12,530 | 00 |
| Bridging 208 feet, at $10 per foot, | - | - | - | - | 2,080 | 00 |
| Building 1 culvert, | - | - | - | - | - | 60 | 00 |
| Building 1 box-drain, - | - | - | - | - | - | 20 | 00 |
| | | | | | $15,086 | 00 |
| It admits payment of | - | - | - | - | - | 9,310 | 65 |
| And claims a balance of | - | - | - | - | - | $ 5,775 | 35 |

—and interest from January 1, 1886, to be due and unpaid, for which judgment is demanded. The work is alleged to have been performed under contract, which fixed the specific price to be paid for each kind of work at the rates above stated. * * * The answer denies that the amount of work claimed for in the complaint was done and furnished, and further denies that what was done was properly done, and alleges that the same was done in an improper and careless and unworkman-like manner, by reason whereof said work was of little value to the defendant; that much of the grubbing charged for has never been performed by defendant, or on his account; that the culverts charged for were carelessly and improperly constructed, so as to be of no value to defendant. Plaintiff served a demand for a bill of particulars of certain payments alleged in the fifth count of the answer, and also for 'an itemized statement of the grubbing, grading, and construction of culverts, cattle-guards, road crossings,' etc., 'which was improperly, carelessly, and in an unworkman-like manner done and performed by the plaintiff for the defendant, and the value thereof, as claimed and alleged in defendant's answer herein, in counts three, four, and five thereof, and which same shall give the kinds or class of work and labor, service, and construction so done improperly, carelessly, and in an unworkman-like manner, the amount or quantity of each kind or class of such work and construction by measurement, and the value thereof, separately, and in items.' In compliance with such demand defendant served a bill of particulars of certain items of payments made upon account of the work done and materials furnished by plaintiff for defendant other than those credited by the plaintiff in his complaint, about the sufficiency of which no serious question was made upon the argument of the motion. Defendant made no attempt to comply with the other portions of the demand. This motion is made to compel a compliance with such demand as to the particulars last mentioned.

"There was no account alleged in the pleading within the meaning of section 531, Code Civil Proc. The bill of particulars sought could only be obtained by an order made by authority of that portion of the section which provides that the court may, in any case, direct a bill of the particulars of the claim of either party to be delivered to the adverse party. *Fullerton* v. *Gaylord*, 7 Rob. (N.Y.) 551; *Powers* v. *Hughes*, 39 N. Y. Super. Ct. 482; *Dowdney* v. *Volkenning*, 57 N. Y. Super. Ct. 318. * * * The word 'claim,' in section 531, includes, not merely a ground or cause of action upon which some affirmative relief is asked, but also, in case of a defendant, whatever is set up by him, based upon facts, alleged as the reason why judgment should not go against him. *Dwight* v. *Insurance Co.*, 22 Hun, 167, on appeal, 84 N. Y. 493; *Witkowski* v. *Paramore*, 93 N. Y 467; *Kelsey* v. *Sargent*, 100 N. Y. 602, 3 N. E. Rep. 795. *Manufacturing Co.* v. *Reinoehl*, 40 Hun, 47; *Feely* v. *Railroad Co.*, 6 Civ. Proc. R. 414; *Sherwood* v. *Gardner*, 5 Civ. Proc. R, 240; *Baremore* v. *Taylor*, 9 Civ. Proc. R. 76; *Diossy* v. *Rust*, 46 N. Y. Super Ct. 374. In the foregoing recent cases general and indefinite defenses were set up. Bills of particulars of the defendant's claim were ordered in each case, because they were held to be necessary to the plaintiff, to avoid surprise and enable plaintiff to prepare to present his evidence at the trial. The principle of these cases applies equally well to the case at bar. * * * Unless plaintiff serves upon defendant's attorneys, on or before March 15, 1888, a bill of particulars of the payments made by the defendant upon the claim and cause of action set up in plaintiff's complaint, stating as near as may be the date and amount of each payment, by whom and to whom made, how made, whether in money or otherwise, and, if not made in money, particulars of the manner of making such payments, and of what it consisted, defendant is not required to furnish any further particulars of any such payments. But in case plaintiff, during the time aforesaid, serves upon the attorneys for the defendant such a bill of particulars, then defendant shall include in its bill of particulars, to be served

as aforesaid, a statement of any payments besides those set forth in the plaintiff's bill of particulars, claimed to have been made by defendant, which shall be stated with the same particulars as are herein stated, to be given in plaintiff's bill of particulars in regard to payments. Upon the trial, if either of said bills of particulars of such payments shall have been served, defendant shall be precluded from giving in evidence any payment not contained in one of such bills of particulars so to be furnished. The defendant's bill of particulars to be served shall contain a statement of the location, as near as may be, of any grubbing, grading, construction of culverts, cattle-guards, or road crossing, which were improperly, carelessly, and in an unworkman-like manner done or performed by the plaintiff for the defendant; also the imperfection claimed in regard to each portion of each class of work, and the amount and value of the work expended, or necessary to be expended, to perfectly complete any such grubbing, grading, and construction. Defendant will be precluded upon the trial from giving evidence of any defect not in manner aforesaid specified in its bill of particulars."

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Dart & Erwin*, for appellant. *Matt C. Ransom*, for respondent.

LEARNED, P. J. We are of opinion that so much of the order as requires a further bill of particulars in these words, containing "a statement of each particular class of work and construction claimed by its answer served herein to have been improperly, carelessly, or in an unworkman-like manner done or performed by the plaintiff for the defendant, [and] the location [thereof] upon the line of defendant's road," should be affirmed; that the residue of the order should be reversed, except the allowance of costs to abide event; and that $10 costs of appeal and printing disbursements abide the event of the action

LANDON and INGALLS, JJ., concur.